**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**STEWART TODD CORDER,** )<br>)<br>**Defendant.** ) | **NO. CR 05-0526 RB** |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's (Corder's) Motion to Withdraw Plea, (Doc. 31), filed on December 13, 2005. Having considered the record, submission of counsel, an being otherwise fully advised, I find that this motion should be granted.

**I. Background.**

Corder was arrested on December 7, 2004, in Carlsbad, New Mexico, by the Pecos Valley Drug Task Force. On December 9, 2004, Corder was charged in this court by sealed criminal complaint. Corder retained Barry Crutchfield, Esq. to represent him. On March 17, 2005, Corder was indicted for (1) possession with intent to distribute more than 5 grams of methamphetamine and (2) knowingly carrying a firearm during and in relation to a drug trafficking crime.

On June 24, 2005, Corder appeared before me and entered a plea of guilty to the indictment. On November 21, 2005, Mr. Crutchfield moved to withdraw as counsel. The motion to withdraw was granted on December 5, 2006.

On December 13, 2005, Robert Beauvais, Esq., entered his appearance on behalf of Corder and filed the motion to withdraw plea. Corder argues that he should be permitted to withdraw his

plea on the grounds that (1) Mr. Crutchfield did little or no discovery or investigation and (2) Mr. Beauvais believes that there are viable legal defenses to the arrest and seizure that should have been raised.

The Government opposes the motion, arguing that the plea was knowing and voluntary, there is no fair or just reason to allow withdrawal of the plea, and a motion to suppress would be without merit. The Government has submitted the transcript of the plea hearing and an affidavit from Mr. Crutchfield. In his affidavit, Mr. Crutchfield, states that he reviewed the discovery in this matter before he advised Corder to plead guilty, and that he advised Corder to plead guilty because a motion to suppress would have been denied.

**II. Discussion.**

After the court accepts a plea, but before it imposes a sentence, the defendant may withdraw a plea of guilty if he shows a "fair and just reason for the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). "Although a defendant does not have an absolute right to withdraw a guilty plea the court should view a motion to withdraw with favor, granting the defendant a great deal of latitude." *United States v. Sandoval*, 390 F.3d 1294, 1299 (10th Cir. 2004) (citations and quotations omitted). "The ultimate decision lies within the trial court's discretion, however, and [will not be] reverse[d] unless the trial court acted unjustly or unfairly." *Id.*

The Tenth Circuit has identified seven factors to consider when determining whether a defendant has shown a "fair and just reason" to allow the withdrawal of a plea: (1) whether the defendant has asserted his innocence; (2) prejudice to the government if the motion is granted; (3) the defendant's delay in filing the withdrawal motion; (4) whether the court is inconvenienced if the

motion is granted; (5) defendant's assistance of counsel; (6) whether the plea was made knowingly and voluntarily; and (7) the waste of judicial resources. *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996).

Corder wishes to raise suppression issues. Thirteen and a half months have elapsed since the arrest. Seven months have elapsed since the plea. The Government will not be prejudiced if the motion is granted. Corder filed the motion within weeks after Mr. Crutchfield was permitted to withdraw as counsel. The court will not be inconvenienced if the motion is granted. The motion is based on an allegation of ineffective assistance of counsel. At the plea hearing, Corder was reluctant to admit to the factual basis for the plea, and a recess was taken before Corder admitted to the factual basis and the plea was accepted. (Tr. at 10-16.) Setting aside the plea will not result in a waste of judicial resources and a 28 U.S.C. §2255 motion may be averted. Having considered all relevant factors, I find that Corder should be permitted to withdraw his plea.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Withdraw Plea, (Doc. 31), filed on December 13, 2005, is **GRANTED**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**